[L.A. No. 29933. In Bank. Mar. 21, 1972.]

DEVERE JOSEPH LANCASTER et al., Plaintiffs and Respondents, v.
THE MUNICIPAL COURT FOR THE BEVERLY HILLS
JUDICIAL DISTRICT OF LOS ANGELES COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

## COUNSEL

Joseph P. Busch, Jr., District Attorney, Harry Wood and Robert Lederman, Deputy District Attorneys, for Real Party in Interest and Appellant.

Kolostian & Evarone, Richard G. Kolostian and Jack W. Evarone for Plaintiffs and Respondents.

No appearance for Defendant and Respondent.

John D. Maharg, County Counsel, and Edward H. Gaylord, Assistant County Counsel, as Amici Curiae on behalf of Defendant and Respondent.

## OPINION

**PETERS, J.**—Devere Joseph Lancaster and Alice K. Nygaard were charged in the Municipal Court for the Beverly Hills Judicial District with violating section 592 of Los Angeles County Ordinance 5860, which makes it a misdemeanor for a person to massage a member of the opposite sex as a commercial business. The court overruled demurrers challenging its jurisdiction. Plaintiff then filed a petition for writ of prohibition in the superior court seeking to prohibit further prosecution of the criminal actions. The court granted the writ of prohibition. The People appeal.

The facts are not in dispute. Lancaster is a registered physical therapist licensed by the Board of Medical Examiners of the State of California, and Nygaard, when arrested was acting under his direction and supervision as provided by the Physical Therapists Practice Act, Business and Professions Code sections 2615 and 2630.

Section 592 of ordinance 5860 provides: *"Opposite Sex.* An individual shall not, for hire or reward, administer to any individual of the opposite sex, any massage, alcohol rub, or similar treatment, fomentation, bath, or electric, or magnetic treatment. A person shall neither cause nor permit in or about his place of business, or in connection with his business, any agent, employee, servant, or other individual to administer any such treatment to any individual of the opposite sex."

Section 593 of the ordinance reads: *"Exception.* This article does not apply to any treatment administered in good faith in the course of the practice of any healing art by any person licensed to practice any such art or profession under the provisions of the Business and Professions Code of the State of California or any other law of this state."

■ It is settled that a local municipal ordinance is invalid if it attempts to impose additional requirements in a field that is preempted by general law. (*In re Lane,* 58 Cal.2d 99, 102 [22 Cal.Rptr. 857, 372 P.2d 897]; *Abbott* v. *City of Los Angeles,* 53 Cal.2d 674, 681 [3 Cal.Rptr. 158, 349 P.2d 974, 82 A.L.R.2d 385]; *Agnew* v. *City of Los Angeles,* 51 Cal.2d 1, 5 [330 P.2d 385].) ■ Local legislation in conflict with general law is void. Conflicts exist if the ordinance duplicates (*Chavez* v. *Sargent,* 52 Cal.

2d 162, 176 [339 P.2d 801]; *In re Portnoy,* 21 Cal.2d 237, 240 [131 P.2d 1]; *Pipoly* v. *Benson,* 20 Cal.2d 366, 370 [125 P.2d 482, 147 A.L.R. 515]), contradicts *(Ex parte Daniels,* 183 Cal. 636, 642-645 [192 P. 442, 21 A.L.R. 1172]), or enters an area fully occupied by general law, either expressly or by legislative implication *(In re Lane, supra,* 58 Cal.2d 99, 102; *Abbott* v. *City of Los Angeles, supra,* 53 Cal.2d 674, 682-688; *Chavez* v. *Sargent, supra,* 52 Cal.2d 162, 176-178). If the subject matter or field of the legislation has been fully occupied by the state, there is no room for supplementary or complementary local legislation, even if the subject were otherwise one properly characterized as a "municipal affair." *(In re Hubbard,* 62 Cal.2d 119, 125 [41 Cal.Rptr. 393, 396 P.2d 809]; *In re Zorn,* 59 Cal.2d 650 [30 Cal.Rptr. 811, 381 P.2d 635]; *In re Lane, supra,* 58 Cal.2d 99; *Abbott* v. *City of Los Angeles, supra,* 53 Cal.2d 674.)

In *In re Lane, supra,* 58 Cal.2d 99, 102 et seq., this court, after reviewing the principles governing the preemption doctrine and the numerous statutes governing sexual conduct, concluded that the state had adopted a general scheme for the regulation of the criminal aspects of sexual activity and that the state had occupied the field to the exclusion of all local regulation. On this ground we held invalid a local ordinance prohibiting resorting to numerous specified places for the purposes of having sexual intercourse or participating in a lewd act.

The statutes listed by the court in *Lane,* with some minor changes, still exist today, and the Legislature has added some new statutes. ■ The constant attention the Legislature has given to the criminal aspects of sexual activity establishes that, in the absence of an express statutory provision to the contrary, this area of the law is intended to be wholly within the control of the Legislature and not subject to local regulation. Moreover, subsequent to the *Lane* decision, the Legislature has expressly permitted local regulation as to exposure of the body in certain circumstances not relevant here. (Pen. Code, §§ 318.5, 318.6.) Had the Legislature intended to repudiate the *Lane* rule, it could have done so by permitting local regulation generally of the criminal aspects of sexual activity, and its failure to do so coupled with the narrow exceptions permitted by sections 318.5 and 318.6 of the Penal Code must be viewed as manifesting a legislative intent to retain the *Lane* rule except as to the matters covered by the two code sections.

The court in *In re Maki,* 56 Cal.App.2d 635 [133 P.2d 64], recognized that an earlier Los Angeles ordinance which prohibited massages by members of the opposite sex was a regulation of sexual conduct. The court characterized the effect of the ordinances as a "barrier erected by the ordinance against immoral acts likely to result from too intimate familiarity of the

sexes . . . ." (56 Cal.App.2d at p. 639.) The court also stated: "Respondent points out that in the city of Los Angeles, in 1915, the prevalence of sex evils arising out of massage parlors caused the city council then to enact section 27.03 [massage parlor prohibition similar to the existing statute in question], *supra,* as a safeguard against the deterioration of the social life of the community." (56 Cal.App.2d at pp. 643-644.)[1]

There has been no suggestion of any reasonable purpose to the ordinance before us other than to limit sexual activity. Although it has been urged that the ordinance should be viewed as a regulation of the business of administering massages and not a sexual regulation, the only specification of any actual or potential evil is the sexual activity which may follow in the wake of the massage. The ordinance before us does not limit the persons who may give or receive massages or in any way regulate or limit the manner of administering a massage except to prohibit transsexual massage.

At oral argument the district attorney admitted that the ordinance was a sexual regulation when he stated, "The purpose of the prohibition . . . is to regulate a source of licentiousness . . . this ordinance regulates nude exposure." This admission clearly indicates that the purpose of the ordinance in question was not to regulate the operation of massage parlors but was aimed at making the task of the police department and sheriff's office easier in their fight against prostitution and lewd conduct.[2] We are satisfied that the ordinance is a regulation of the criminal aspects of sexual conduct.

*Robins* v. *County of Los Angeles,* 248 Cal.App.2d 1, 10 [56 Cal.Rptr. 853], is distinguishable. There the court stated that an ordinance requiring the licensing for a "modest fee" of establishments employing topless waitresses was valid and was not preempted under *In re Lane, supra,* 58 Cal.2d 99. ■ The fact that the criminal aspects of sexual activity have been preempted by the state does not mean that counties may not collect license fees for the right to engage in lawful activities relating to sex. (Cf. *Rivera* v. *City of Fresno, ante,* pp. 132, 139 [98 Cal.Rptr. 281, 490 P.2d 793].)

---

[1] The court in *Maki* upheld the validity of the ordinance before it against the challenge on several constitutional grounds. However, the question of preemption was not raised or discussed, and the case was decided 20 years prior to *In re Lane, supra,* 58 Cal.2d 99.

[2] A letter from the Chief Administrative Officer of Los Angeles County to the board of supervisors indicated the purpose of the ordinance was to enable the police to investigate for "immoral conditions" to control the prostitution problem. Correspondence from the Los Angeles County Sheriff's office to the board recognized the purpose of the ordinance was "to get convictions for immoral conduct in these places of business" referring to massage parlors. In addition, the captain of the vice detail of the Los Angeles County Sheriff's office stated in a memorandum to the sheriff that the ordinance will allow his men to obtain evidence for the prosecution of "these prostitutes" operating massage parlors "as a subterfuge."

■ We conclude that the Los Angeles ordinance which is a regulation of sexual conduct must be held invalid because the state has preempted the criminal aspects of sexual activity.

In view of this conclusion, it is unnecessary to reach the further contentions that the ordinance in question conflicts with the Physical Therapists Practice Act (Bus. & Prof. Code, § 2600 et seq.) or that the ordinance constitutes an unlawful sex discrimination in violation of section 18, article XX of the California Constitution, the California Fair Employment Practices Act (Lab. Code, §§ 1410-1432), or the equal protection clause of the Fourteenth Amendment of the federal Constitution.

The judgment is affirmed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

**BURKE, J.**—I concur in the judgment under the compulsion of *In re Lane,* 58 Cal.2d 99 [22 Cal.Rptr. 857, 372 P.2d 897].