[No. B028465. Second Dist., Div. Three. Sept. 27, 1988.]

CHARLES MUSSALLI, Plaintiff and Respondent, v. CITY OF GLENDALE, Defendant and Appellant.

**COUNSEL**

Frank R. Manzano, City Attorney, and Scott H. Howard, Assistant City Attorney, for Defendant and Appellant.

Tuttle & Taylor, Ronald C. Peterson and Robin D. Wiener for Plaintiff and Respondent.

**OPINION**

**DANIELSON, Acting P. J.**—The City of Glendale (City) appeals from an order of the superior court granting a preliminary injunction enjoining it from enforcing Ordinance No. 4728 against Charles Mussalli, owner of an automobile service station where alcoholic beverages are sold. The sole issue presented by this appeal is whether the City's enforcement of the ordinance against owners who were previously authorized to sell alcoholic beverages at their service stations is precluded by Business and Professions

Code section 23790 (Section 23790). We conclude that it is, and affirm the order.

## FACTS

Section 23790 (dealing with the issuing of licenses for the sale of alcoholic beverages) provides: "No retail license shall be issued for any premises which are located in any territory where the exercise of the rights and privileges conferred by the license is contrary to a valid zoning ordinance of any county or city. Premises which had been used in the exercise of such rights and privileges at a time prior to the effective date of the zoning ordinance may continue operation under the following conditions: [¶] (a) The premises retain the same type of retail liquor license within a license classification. [¶] (b) The licensed premises are operated continuously without substantial change in mode or character of operation."

Ordinance No. 4728, adopted by the City Council on April 29, 1986, amended several sections of the Municipal Code regulating automobile service stations. In each section, the ordinance provided: "Sales of alcoholic beverages shall specifically be prohibited at automobile service stations. Sales of alcoholic beverages shall be discontinued on or before May 29, 1987, at all automobile service stations where such sales were previously authorized."

Mussalli brought an action against the City for declaratory and injunctive relief, alleging that on or about September 1, 1984, he commenced operating an am/pm Mini-Market and automobile service station on premises he leased in the City's C-3 zone, where such uses were permitted. On or about July 1, 1985, he obtained an off-sale beer and wine retail liquor license from the California Department of Alcoholic Beverage Control, and from that date on sold beer and wine at his market. Until the enactment of Ordinance No. 4728, this was also a permitted use within the C-3 zone. Mussalli alleged the existence of an actual controversy between himself and the City in a number of respects, including the question whether the ordinance conflicted with the express provisions of Business and Professions Code section 23790 and was therefore invalid.[1]

---

[1] Mussalli also contended the ordinance arbitrarily discriminated against, and denied equal protection to, owners of service stations who were prohibited from selling alcoholic beverages, while other similar outlets, such as convenience stores, grocery stores, liquor stores, bars and restaurants, were permitted to sell such beverages; he and others similarly situated were singled out as exceptions to municipal code provisions permitting nonconforming uses to continue to exist in the City as long as they were continuously operated and not expanded; the 13-month period within which he was required to stop selling alcoholic beverages was an "unreasonable amortization period;" the City failed to give adequate notice of hearings on the ordinance; and the ordinance improperly infringed upon the authority of the Department

Thereafter, the trial court made the complained of order granting a preliminary injunction prohibiting enforcement of Ordinance No. 4728, on the ground that its application to Mussalli's business was precluded by Business and Professions Code section 23790.

## DISCUSSION

Article XX, section 22 of the California Constitution provides, in pertinent part: "The State of California . . . shall have the exclusive right and power to license and regulate the manufacture, sale, purchase, possession and transportation of alcoholic beverages within the State . . . ."

■ "It is settled that a local municipal ordinance is invalid if it attempts to impose additional requirements in a field that is preempted by general law. [Citations.] Local legislation in conflict with general law is void. Conflicts exist if the ordinance duplicates [citations], or enters an area fully occupied by general law, either expressly or by legislative implication [citations]. If the subject matter or field of the legislation has been fully occupied by the state, there is no room for supplementary or complementary local legislation, even if the subject were otherwise one properly characterized as a 'municipal affair.' [Citations.]" (*Lancaster* v. *Municipal Court* (1972) 6 Cal.3d 805, 807-808 [100 Cal.Rptr. 609, 494 P.2d 681], *California Restaurant Assn.* v. *City of Los Angeles* (1987) 192 Cal.App.3d 405, 409 [237 Cal.Rptr. 415].)

■ Ordinance No. 4728, by its clear language, prohibits the sale of alcoholic beverages at automobile service stations within the City. Thus, the City purports to regulate the sale of such beverages, and the ordinance is in apparent conflict with our state Constitution and with section 23790.

Citing *Daniel* v. *Board of Police Commissioners* (1961) 190 Cal.App.2d 566 [12 Cal.Rptr. 226], and *Cristmat, Inc.* v. *County of Los Angeles* (1971) 15 Cal.App.3d 590 [93 Cal.Rptr. 325], the City contends "that a zoning regulation of a particular use which bans, as part of that use, the concurrent sale of alcoholic beverages does not fall within the ambit of (Business and Professions Code section] 23790." The cited cases are inapposite. In *Daniel,* a liquor licensee's application for a permit to have live entertainment in his liquor establishment was denied by the city. There was no interference with the licensee's right to sell alcoholic beverages. *Cristmat* had to do with an ordinance regulating modeling studios where both professional and amateur photographers were allowed to take pictures of professional models, who

of Alcoholic Beverage Control to determine whether the sale of alcoholic beverages by any person would affect the public welfare or morals.

were often nude, in rooms provided for that purpose. The ordinance provided: " 'A person shall not enter, be or remain in any part of a model studio or premises licensed as such while in the possession or [*sic*], consuming, using, or under the influence of, any alcoholic beverage or drugs. The licensee shall not permit any such person to enter or remain upon the licensed premises.' " (*Cristmat, Inc.* v. *County of Los Angeles, supra,* 15 Cal.App.3d 590, 593.) As the court stated: "Section 2648 does not attempt to invade the exclusive power given to the state by article XX, section 22 of the Constitution to license, regulate or prohibit the manufacture, sale, purchase, possession or transportation of alcoholic beverages; it merely prohibits certain persons from entering or remaining in a model studio and prohibits the model studio licensee from permitting any such person to enter or remain in the model studio." (*Id.* at p. 594.) The court cited with approval the Attorney General's Opinion No. 10601, dated April 4, 1936, which states, in part: " 'it cannot be doubted that a municipality has the power, under its police power, to regulate places of public entertainment. It would appear that a municipal ordinance prohibiting floor shows and orchestras from the premises of liquor licensees would fall within this legitimate scope of the police power of the municipality. Such regulation is not designed to control the traffic in intoxicating liquors but is for the purpose of regulating places of public entertainment.' " (*Cristmat, supra,* at p. 595.)

The City also cites *Jon-Mar Co.* v. *City of Anaheim* (1962) 201 Cal.App.2d 832 [20 Cal.Rptr. 350], and *Crownover* v. *Musick* (1973) 9 Cal.3d 405 [107 Cal.Rptr. 681, 509 P.2d 497]. In *Jon-Mar,* the licensee's failure to seek a variance for the use of its premises as a beer parlor foreclosed judicial relief. Moreover, the court observed that the liquor license in question was erroneously issued *after* a zoning ordinance prohibiting beer parlors was extended to newly annexed territory in which the licensee's premises was located. *Crownover* dealt with statutes and ordinances regulating the nudity of those serving food or drinks, "a subject distinct from the regulation of the sale of those drinks." (*Crownover* v. *Musick, supra,* 9 Cal.3d 405, 417.)

In the present case, Ordinance No. 4728 expressly prohibits the sale of alcoholic beverages at automobile service stations. The ordinance conflicts with the provisions of article XX, section 22 of the Constitution and, as applied to Mussalli, with section 23790 of the Business and Professions Code. The trial court properly enjoined enforcement of the ordinance.

## DECISION

The order granting the preliminary injunction is affirmed.

Arabian, J., and Croskey, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 14, 1988.