[Civ. No. 65433. Second Dist., Div. Four. Mar. 18, 1983.]

BAYSIDE MANOR, INC., et al., Plaintiffs and Respondents, v.
CITY OF SANTA MONICA et al., Defendants and Appellants.

COUNSEL

Robert M. Myers, City Attorney, Stephen S. Stark, Assistant City Attorney, Jonathan Horne, Deputy City Attorney, Michael Heumann and Stephen P. Wiman for Defendants and Appellants.

James L. Grubbs, George W. Collins, Joseph S. Komowieck and V. James Smith for Plaintiffs and Respondents.

OPINION

**KINGSLEY, J.**—The City of Santa Monica and the city's rent control board appeal from a judgment granting a peremptory writ of mandate, requiring it to grant to petitioners an exemption from the city's rent control law. We reverse.

For some time, petitioners operated a group of buildings, licensed under the Community Care Facilities Act (Health & Saf. Code, § 1500 et seq.). The record shows no attempt to apply the Santa Monica Rent Control legislation to that facility until after May of 1980.[1] However, in June of 1979, petitioners filed an application for formal exemption from that legislation. No action having been taken on that application, in April of 1980, petitioners notified all of their occupants to vacate and, as of May 20, 1980, the facility had become vacant. Thereafter the application for exemption was denied. By this proceeding in mandate, the trial court ordered that the exemption certificate be issued. The writ also purports to hold that all community care facilities are exempt from the Santa Monica regulations. The city and the rent control board have appealed. We reverse.

## I

We agree with appellants that the portions of the writ which purport to hold *all* community care facilities exempt from the rent control regulations are beyond the scope of the jurisdiction of the trial court. This is not a class declaratory action. It involves only the status of the properties owned by respondents. It is true that, if the respondents secure, on this appeal, an exemption, that decision may become a precedent for cases involving other properties. But its precedential value, if any, must be determined in other, and future, litigation.

## II

Santa Monica's rental control legislation is found in a provision of its charter. That provision provides for regulation of "Any building, structure, or part thereof, or land appurtenant thereto, or any other rental property rented or offered for rent for living or dwelling house units, and other real properties used for living or dwelling purposes, together with all housing services connected with use or occupancy of such property such as common areas and recreational facilities held out for use by the tenant."[2] and it also defines "housing services" as follows: "Housing services include but are not limited to repairs, maintenance, painting, providing light, hot and cold water, elevator service, window shades and screens, storage, kitchen, bath and laundry facilities and privileges, janitor services, refuse removal, furnishings, telephone, parking and any other benefit, privilege or facility connected with the use or occupancy of any rental unit."[3] The charter also exempts from regulation "rental units in any hospital . . . extended medical care facility . . . or asylum."[4]

[1] As we point out below, we need not, and do not, determine on this appeal whether that exemption was valid or required under some theory of preemption.

[2] Santa Monica City Charter, section 1801(h).

[3] Santa Monica City Charter, section 1801(d).

[4] Santa Monica City Charter, section 1801(c)(2).

■ Admittedly, the respondents never operated an "extended medical care facility" nor was it a hospital or any asylum. After May of 1980 the properties herein involved ceased to be a community care facility. When the application for exemption herein involved was denied, they had become vacant property. It follows that the issue, debated in the briefs, as to whether an institution licensed by the state under Community Care Facilities Act is, by preemption, exempted from the Santa Monica rent control regulations is not herein involved. If respondents should, in the future, decide to again operate the properties as they were operated prior to May of 1980, and secure a state license for such resumption, the issue of state preemption will become a viable matter; but that issue is not involved in the case at bench. Respondents, like any other property owner in Santa Monica, are subject to that city's rent control regulations as long as the respondents propose only to use them as a facility unlicensed. As such, it is clear that the properties herein involved, in their present status, are not exempt from the broad scope of the applicable charter provision.[5]

The judgment appealed from is reversed.

Woods, P. J., and McClosky, J., concurred.

A petition for a rehearing was denied April 5, 1983, and respondents' petition for a hearing by the Supreme Court was denied June 1, 1983.

---

[5]We are asked to rely on *Klarfeld* v. *Berg* (1981) 29 Cal.3d 893 [176 Cal.Rptr. 539, 633 P.2d 204]. However, that case did not involve any issue of preemption. At the most it teaches us to interpret local rent control legislation according to the intent of its authors. That we have done here.