[Civ. No. 66287. Second Dist., Div. Five. Sept. 26, 1983.]

OCEAN HOUSE CORPORATION, Plaintiff and Respondent, v.
PERMANENT RENT CONTROL BOARD OF THE CITY OF
SANTA MONICA et al., Defendants and Appellants.

COUNSEL

Robert M. Myers, City Attorney, Stephen S. Stark, Assistant City Attorney, Martin T. Tachiki, Deputy City Attorney, Michael Heumann and Stephen P. Wiman for Defendants and Appellants.

Latham & Watkins and Stephen L. Jones for Plaintiff and Respondent.

OPINION

**WOODMANSEE, J.**\*—In 1979 Santa Monica adopted a rent control charter amendment. For many previous years, the Ocean House Corporation (Ocean House) had operated its property in Santa Monica as a community care facility under the state California Community Care Facilities Act (the Act). The Permanent Rent Control Board of the City of Santa Monica (the Board) claimed that a landlord-tenant relationship existed under the newly enacted local law, requiring Ocean House to register.

Ocean House obtained a peremptory writ of mandate requiring the Board and the city (together, Santa Monica) not to apply local rent control law to it. The trial court found that state law had preempted the field.

*Assigned by the Chairperson of the Judicial Council.

We affirm the judgment.

### STATE PREEMPTION

A charter city is competent to ". . . make and enforce all ordinances and regulations in respect to municipal affairs, subject only to restrictions and limitations provided in their several charters and in respect to other matters they shall be subject to general laws. . . ." (Cal. Const., art. XI, § 5, subd. (a).) ■ On matters of general or statewide concern, general law controls. (*Lancaster* v. *Municipal Court* (1972) 6 Cal.3d 805, 807-808 [100 Cal.Rptr. 609, 494 P.2d 681].)

■ The Act and its authorized regulations (Health & Saf. Code, § 1500 et seq.; Cal. Admin. Code, tit. 22, § 80000 et seq.) show a comprehensive state regulatory scheme covering several types of facilities, one of which is that type of community care facility operated by Ocean House.

We have considered "the whole purpose and scope of the legislative scheme" as well as the express language of the statutes. (*In re Lane* (1962) 58 Cal.2d 99, 102-103 [22 Cal.Rptr. 857, 372 P.2d 897].) The standards of care and services required of a community care facility are set forth in title 22 of the California Administrative Code. A community care facility is there defined as including a facility that provides nonmedical care and supervision to ". . . adults, or children and adults, and may include but is not limited to facilities for the developmentally disabled, physically handicapped, mentally disordered, or incompetent persons, . . ." (Cal. Admin. Code, § 80003.) In assuming the care and supervision of senior citizens within that definition, Ocean House, as a state licensed community care facility is bound under California Administrative Code section 80051 to provide for their wide-ranging needs, including ". . . assistance in dressing, grooming, bathing, and other personal hygiene; assistance in taking medication . . ."; "arrangement of and assistance with medical and dental care . . ."; "maintenance or supervision of resident monies or property; and monitoring food intake or special diets."

State law further requires of licensed community care facilities such as Ocean House, financial ability to meet state licensing law and regulations, and a detailed plan of operation including, a "[r]ate setting policy including, but not limited to, policy on refunds." (Cal. Admin. Code, § 80307, subd. (10).) Rates are reviewed by the state.

State licensing and supervision activities are comprehensive. State regulations contain detailed directives relating to personnel and administration, financing, admission agreements, and eviction procedures.

The state has placed into effect its statewide plan to protect the legal and human rights of persons in, or receiving services from, a community care facility. One of the state's purposes is to insure continuity of care under state law. The state plan is both procedural and substantive. (See *Birkenfeld* v. *City of Berkeley* (1976) 17 Cal.3d 129 [130 Cal.Rptr. 465, 550 P.2d 1001].)

## CONFLICT BETWEEN STATE AND LOCAL LAW

Local laws and regulations are inimical to the state program.

Key aspects of the local program clash with state laws, e.g., Santa Monica provides for landlord registration, with collection of fees, and rejection or approval of landlords' exemption requests; supervision and control of landlords, through disciplinary measures with possible civil and criminal penalties; review of tenants' rents, costs, and services; and provisions relating to evictions.

Santa Monica also purports to have jurisdiction under city regulations and rulings to notify tenants of Ocean House they may withhold payments.

The state plan provides for its own consideration of rate changes; its own eviction procedures; and its broad consideration of the individual needs of the persons in the facility. Local rent control has a much narrower focus, concentrating mainly on its control and limitation of rent increases; its prohibition of evictions except for nonpayment of rent or destruction of property or disturbance of other renters; and its control of withdrawal of rental units from the market. The state is concerned more with the individual than the rental unit. The state recognizes the need to evict in instances where the physical or mental health of the person or other residents so requires. The state recognizes that rates may vary according to the special services required of the resident as distinguished from the room he occupies.

It would not be reasonably possible to operate a community care facility such as Ocean House under two governmental masters.

## APPLICABILITY OF CHARTER AMENDMENT TO OCEAN HOUSE

Preemption having been found, we need not consider whether the local rent control law, under its language, includes Ocean House. (*Klarfeld* v. *Berg* (1981) 29 Cal.3d 893 [176 Cal.Rptr. 539, 633 P.2d 204], cited by respondents, is not a preemption case.)

## Existence of Present Controversy

In *Bayside Manor, Inc.* v. *City of Santa Monica* (1983) 141 Cal.App.3d 51 [190 Cal.Rptr. 51], properties in Santa Monica had once been licensed under the Community Care Facilities Act. Exemption by Santa Monica had been sought but refused. The reviewing court found that the trial court's action in granting exemption to Bayside was improper because at the time the application for exemption was denied, Bayside had become vacant property. The preemption issue was therefore moot.

Not so, in the case before us. Santa Monica has not receded from its position that Ocean House was obliged to register under local law. Respondent is faced with possible civil and criminal penalties and interference with its operation if relief is not granted.

In issuing its peremptory writ, the lower court commanded Santa Monica to vacate its orders based on its local rent control laws as applied to Ocean House; to exempt Ocean House from registration and payment of fees; and to desist from taking civil or criminal enforcement proceedings for asserted violations.

This was a proper order.

## Claim of Lapsed License

We are not here concerned with a dispute between the parties as to the status of respondent's license at a time subsequent to the submission of the case to the trial court. No evidence on this issue was before the lower court and none is before us. There is no showing here other than the continued operation of Ocean House as a licensed community care facility.

## Status of Ocean House

Santa Monica has admitted, in its answer and in oral argument, that, for purposes of this action, Ocean House is a licensed community care facility.

## Enactment of Health and Safety Code Section 1518

Less than a year after this case was submitted to the trial court, the state enacted Health and Safety Code, section 1518, effective January 1, 1982, which states: "(a) Nothing in this chapter shall authorize the imposition of rent regulations or controls for licensed community care facilities. [¶] (b)

Licensed community care facilities shall not be subject to controls on rent imposed by any state or local agency or other local government or entity."

Appellant argues that there would have been no new enactment if the state had already preempted the field, and cite the Legislative Counsel's Digest in support of that opinion.

We do not find appellant's argument persuasive.

The digest reads: "There is in existing law the California Community Care Facilities Act which provides for the regulation and licensure of community care facilities, as defined. Existing law does not provide for provisions prohibiting the imposition of rent control ordinances enacted by local governments upon community care facilities.

"This bill would exempt community care facilities from controls on rent imposed by any state or local agency or other local government or entity."

As legislation becomes subject to attack, the Legislature may well consider eliminating such lawsuits by making specific that which was thought to be understood.

The judgment is affirmed.

Feinerman, P. J., and Ashby, J., concurred.