[Crim. No. 7311.   In Bank.   May 21, 1963.]

THE PEOPLE, Plaintiff and Appellant, v. EDMUND (NMN) LOPEZ, Defendant and Respondent.

Arlo Rickett, City Attorney, and Robert C. Gustaveson, Deputy City Attorney, for Plaintiff and Appellant.

Daniel N. Fox for Defendant and Respondent.

McCOMB, J.—The People appeal from a judgment dismissing a charge against defendant of being intoxicated in a public place (a misdemeanor).

*Facts*: Defendant was charged with violating section 16-4 of Ordinance 1673 of the City of Pomona, which provides: "Any person who appears at or is in any public place, or in any place open to the public view, or on any street, sidewalk, parkway, alley, highway, court, public park, railway, depot, plaza, bus depot or public square in a state of drunkenness or intoxication, or under the influence of an alcoholic beverage, narcotics, sedatives or derivatives is guilty of a misdemeanor."

This is the sole question necessary for us to determine: *Has the state adopted a general scheme for the regulation of the criminal aspects of being intoxicated in a public place?*

*Yes.* At the time of the commission of the alleged offense, section 647, subdivision (f), of the Penal Code provided that a person was guilty of a misdemeanor if he was "found in any public place under the influence of intoxicating liquor, or any

drug, or the combined influence of intoxicating liquor and any drug, in such a condition that he is unable to exercise care for his own safety or the safety of others, or by reason of his being under the influence of intoxicating liquor, or any drug, or the combined influence of intoxicating liquor and any drug, interferes with or obstructs or prevents the free use of any street, sidewalk or other public way.''

The language of section 647, subdivision (f), of the Penal Code shows that the state had occupied the field with regard to the criminal aspects of being intoxicated in a public place. (*In re Koehne, ante,* pp. 646, 648, 649 [1b] [30 Cal. Rptr. 809, 381 P.2d 633]; *In re Zorn, ante,* pp. 650, 652 [1b] [30 Cal.Rptr. 811, 381 P.2d 635]; *In re Moss,* 58 Cal.2d 117, 119 [1b] [23 Cal.Rptr. 361, 373 P.2d 425].)

The judgment is affirmed.

Gibson, C.J., Traynor, J., Schauer, J., Peters, J., Tobriner, J., and Peek, J., concurred.