[Crim. No. 9354. Second Dist., Div. Two. Oct. 8, 1963.]

In re CHARLES M. MARTIN on Habeas Corpus.

Arthur S. Black for Petitioner.

Roger Arnebergh, City Attorney (Los Angeles), Philip E. Grey, Assistant City Attorney, and Frank D. Wagner, Deputy City Attorney, for Respondent.

ASHBURN, J.—Claiming to be unlawfully restrained by the Chief of Police of the City of Los Angeles under a charge of violating section 52.51 of the Los Angeles Municipal Code, petitioner Martin seeks a release upon habeas corpus.

 The contention is that said section is void because the field has been preempted by state legislation.

Sections 52.51 and 52.52 of said Municipal Code read as follows: Section 52.51. "No person shall wear any mask or any other personal disguise, whether complete or partial, upon any public street, sidewalk or park, without a permit to do so, issued in accordance with section 52.52 of this Code." Section 52.52. "Any person desiring to wear any mask or other personal disguise, whether complete or partial, upon any public street, sidewalk or park, shall file a written application with the Board, which application shall state:

"(a) The name and address of the applicant;

"(b) The purposes for which the permit is desired;

"(c) Any additional facts which may enlighten said Board with respect to the moral character of the applicant and the occasion upon which it is desired to wear such mask or disguise.

"If the Board becomes satisfied that the applicant is a person of good moral character and that the public safety and welfare will not be jeopardized by the granting of said application, a permit shall be granted. No permit issued in accordance with the provisions of this section shall be valid for a period of more than thirty (30) days."

Section 185, Penal Code, which petitioner claims to have occupied the field, says: "It shall be unlawful for any person to wear any mask, false whiskers, or any personal disguise (whether complete or partial) for the purpose of:

"One. Evading or escaping discovery, recognition, or identification in the commission of any public offense.

"Two. Concealment, flight, or escape, when charged with, arrested for, or convicted of, any public offense. Any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor."

Section 650a, Penal Code, says: "It is a misdemeanor for any person, either alone or in company with others, to appear on any street or highway, or in other public places or any

place open to view by the general public, with his face partially or completely concealed by means of a mask or other regalia or paraphernalia, with intent thereby to conceal his identity. This section does not prohibit the wearing of such means of concealment in good faith for the purposes of amusement, entertainment or in compliance with any public health order.''

*In re Lane,* 58 Cal.2d 99 [22 Cal.Rptr. 857, 372 P.2d 897]; *In re Moss,* 58 Cal.2d 117 [23 Cal.Rptr. 361, 373 P.2d 425]; *In re Koehne,* 59 Cal.2d 646 [30 Cal.Rptr. 809, 381 P.2d 633]; *In re Zorn,* 59 Cal.2d 650 [30 Cal.Rptr. 811, 381 P.2d 635]; and *People* v. *Lopez,* 59 Cal.2d 653 [30 Cal.Rptr 813, 381 P.2d 637], state the governing principles here applicable. ■ Pertinent extracts are the following: ''A municipal ordinance is invalid if it attempts to impose additional requirements in a field that has been preempted by the general law. (*In re Moss,* 58 Cal.2d 117, 118 [2] [23 Cal.Rptr. 361, 373 P.2d 425].)

''Whenever the Legislature has seen fit to adopt a general scheme for the regulation of a particular subject, the entire control over whatever phases of the subject are covered by state legislation ceases as far as local legislation is concerned. (*In re Moss, supra,* at p. 118 [3].)'' (*In re Koehne, supra,* 59 Cal.2d 646, 648.)

''A municipal ordinance is invalid if it attemps to impose additional requirements in a field that has been preempted by the general law. ... Whenever the Legislature has seen fit to adopt a general scheme for the regulation of a particular subject, the entire control over whatever phases of the subject are covered by state legislation ceases as far as local legislation is concerned.'' (*In re Zorn, supra,* 59 Cal.2d 650, 651.)

■ As defined by the cases the constitutional phrase ''conflict with general laws'' (art. XI, § 11) may arise in several different ways. It may grow out of the exact language of the state and municipal laws (see concurring opinion of Mr. Chief Justice Gibson in *In re Lane, supra,* 58 Cal.2d 99, at p. 106; dissent of Mr. Justice Dooling in same case at p. 112; concurrence of Mr. Justice· White in *In re Moss, supra,* 58 Cal.2d 117, at p. 121; *People* v. *Lopez, supra,* 59 Cal.2d 653, 654) or from a local attempt ''to impose additional requirements in a field that is preempted by the general law'' (Mr. Justice McComb's prevailing opinions in *Lane* case at p. 102 and *Moss* case at p. 118) or from the state's adoption

of "a general scheme for the regulation of a particular subject" (*In re Lane, supra,* at p. 102; *In re Moss, supra,* at p. 118). ▮ But if the state's preemption of the field or subject is not complete, local supplemental legislation is not deemed conflicting to the extent that it covers phases of the subject which have not been covered by the state law. (*In re Lane, supra,* at p. 109; *In re Moss, supra,* at p. 118; *Pipoly* v. *Benson,* 20 Cal.2d 366, 371 [125 P.2d 482, 147 A.L.R. 515].)

▮ It appears from the decisions that the general scheme for the regulation of a particular subject may be found in a single comprehensive statute such as the Vehicle Code, or in a section of the Penal Code, or in a multiplicity of code sections which in the aggregate spell a legislative attempt to occupy the whole or. a part of the particular field of legislation.

▮ In the present instance we find a conflict between the sections of the Municipal Code and the quoted sections of the Penal Code which spells invalidity of the former. The Municipal Code prohibits the wearing of a mask or other disguise upon any public street, sidewalk or park, without a permit to do so. Section 185, Penal Code, forbids the same act whether committed on public property or otherwise. The ordinance attempts to validate the wearing of a mask by one who has secured a municipal permit so to do. The Penal Code contains no licensing provision and prohibits the act regardless of any local permit.

True, section 185 of the statute specifies connection with the commission of or escape from a felony as the basis for its interdiction of the particular act. But section 650a forbids all the things covered by the city ordinance and committed in the same places, plus "other public places or any place open to view by the general public." It also includes "intent thereby to conceal his identity" which is an obvious implied condition of ordinance section 52.51. The concluding sentence of section 650a—"This section does not prohibit the wearing of such means of concealment in good faith for the purposes of amusement, entertainment or in compliance with any public health order"—subserves the same purpose as the municipal permit.[1]

---

[1]Section 650½, Penal Code, also provides: "A person who . . . with intent of accomplishing any lewd or licentious purpose, whether such purpose is accomplished or not, personifies any person other than himself, or who causes or procures any other person or persons to identify

A clear conflict exists in the terms of the enactments now under comparison; it arises directly from their language; and the purpose of the Legislature to occupy the entire field is plainly apparent. Hence the ordinance provision is void.

The same conclusion was reached with respect to section 440 of the San Francisco Municipal Code in the unpublished opinion of the Appellate Department of the Superior Court of San Francisco in the case of *People* v. *James Arthur Lane, Jr.*, appeal No. 948, cited by counsel herein. Section 440 of the code reads: "It shall be unlawful for any person to appear in public, with intent to deceive, in the dress, clothing or apparel not belonging to or usually worn by persons of his or her sex." The court in an opinion prepared by Judge (now Justice) Molinari concluded as follows: "[W]e are of the opinion that the State has adopted a comprehensive and detailed general plan or scheme with respect to the subject of false personation with the intent to occupy the field, leaving no room for local regulation. Accordingly, under the rule of *In re Lane, supra,* and the cases upon which it relies, section 440 of the San Francisco Municipal Code is unconstitutional and invalid."

Petitioner is discharged from custody.

Fox, P. J., and Herndon, J., concurred.

---

him, or to give assurance that he is any other person than himself to aid or assist him to accomplish any lewd or licentious purpose, for which no other punishment is expressly prescribed by this code, is guilty of a misdemeanor."