THOMPSON (H. V.), J.
These consolidated appeals arise out of a dismissal by the Municipal Court of the Fresno Judicial District of complaints against the defendants, charging them with a violation of section 8-120 of the Fresno Municipal Code, which section provides:
“Sec. 8-120. Drinking On Street Or Playground. No person shall drink any beer, wine, or other intoxicating beverage on any street, sidewalk, alley, highway, or playground. This section shall not be deemed to make punishable any act or acts which are prohibited by any law of the State of California. ’ ’
The dismissal of the complaints by the municipal court was predicated upon the court’s expressed belief that the State had completely preempted the regulation of the many facets of the alcoholic beverage field, and that, therefore, the foregoing provision of the Municipal Code was invalid. With this conclusion we cannot agree.
As a chartered city under the provisions of article XI, section 11, of the state Constitution, the City of Fresno is empowered to “. . . make and enforce within its limits all such local, police, and sanitary and other regulations as are not in conflict with general laws.”
No clairvoyance is required to visualize that the consumption of alcoholic beverages on public streets, etc., could well constitute a social evil and police problem, particularly when we consider such a public gathering place as a mall where large numbers of the people congregate into the evening.
Unless action by the city is barred by the enactment of state laws exclusively preempting the field, most certainly a city would be empowered to control the actual and potential social hazard created by the consumption of alcohol on the streets, etc.
The provisions of article XX, section 22 of the California Constitution provide in part: “The State of California . . . shall have the exclusive right and power to license and regulate the manufacture, sale, purchase, possession, and transportation of alcoholic beverages within the state . . .” It will be noted that the above section by its terms preempts the manufacture, sale, purchase, possession, and transportation of such beverages, but make no mention of consumption.
State laws, to be sure, have been adopted to regulate consumption under certain specific conditions and situations. For example, state law proscribes the drinking of liquor in a vehicle upon a public highway (Veh. Code, § 23121), drinking *Supp. 1056 on public school grounds (Bus. & Prof. Code, § 25606), drinking on licensed (Bus. & Prof. Code, § 25632) and unlicensed (Bus. & Prof. Code, § 25604) premises, and drinking by minors in any on-sale licensed premises (Bus. & Prof. Code, §25658). We do not believe that by the adoption of such selective laws, the Legislature intended to say that it had covered all those areas wherein the consumption of alcoholic beverages might create police problems. By prohibiting the consumption of liquor by minors on on-sale premises, was it intended to be implied that they could drink elsewhere? We have already seen that the basic constitutional provisions on the subject make no allusion whatsoever to the consumption of alcoholic beverages.
In short, we find no such occupation of the field as is revealed in In re Lane, 58 Cal.2d 99 [22 Cal.Rptr. 857, 372 P.2d 897] ; In re Koehne, 59 Cal.2d 646 [30 Cal.Rptr. 809, 381 P.2d 633]; In re Zorn, 59 Cal.2d 650 [30 Cal.Rptr. 811, 381 P.2d 635]; People v. Lopez, 59 Cal.2d 653 [30 Cal.Rptr. 813, 381 P.2d 637].
Moreover, the provisions of the Municipal Code here in question specifically provide that it does not apply to any act specifically prohibited by state law. While this exclusionary provision could not save the ordinance if it substantially duplicated state law in all areas within its scope, it does avoid any contention that it would be a duplication of state law if it intended, for example, to regulate the consumption of alcohol in a vehicle upon a public street.
It does seem strange that no appellate decision to our knowledge has appeared passing upon this field of wide concern. However, there is no dearth of Attorney General’s opinion on the subject. Within one year of the passage of article XX, section 22, the Attorney General advised the Board of Equalization that it had not power to regulate the consumption of alcoholic beverages on the streets of an incorporated city. (Unreported Decision No. 1-9443, July 9, 1934.) To our knowledge the Board of Equalization has not retreated from this position.
In a more recent opinion (Sept. 8, 1961) the Attorney General’s office advised the District Attorney of Trinity County that while his county could not validly adopt an ordinance forbidding the possession of alcoholic beverages in a county hospital, no objection could be seen to an ordinance forbidding the unauthorized consxmption of alcoholic beverages in such a public facility. (38 Ops. Cal. Atty. Gen. 64.)
*Supp. 1057 In the same vein, the Attorney General’s office (Op. No. 61-66, July 10, 1962), advised the State Director of Parks and Recreation in part that the ordinance of the City of Santa Cruz prohibiting (in part) the consumption Of liquor in public parks and on beaches was valid, stating: (Vol. 40, p. 13) . . there is nothing in the state law which indicates an intention fully to occupy the field relating to the consumption of alcoholic beverages in other than licensed premises, and the general rule permitting additional supplementary local regulation is, therefore, applicable. (Pulcifer v. County of Alameda, 29 Cal.2d 258 [175 P.2d 1]) . . .” Strength is lent to this opinion by the fact that the Attorney General, in an area where the state's prerogatives would be zealously guarded, ruled that the city ordinance prohibiting the consumption of alcohol in the portion of a state park lying within the city’s boundaries was enforceable by the city.
Two recent decisions, In re Hubbard, 62 Cal.2d 119 [41 Cal.Rptr. 393, 396 P.2d 809], and People v. McGennis, 244 Cal.App.2d 527 [53 Cal.Rptr. 215], both relating to local gaming ordinances, established criteria that are most illuminating. In the Hubbard case, the court states (at page 128): "Analysis of the many prior decisions on this subject indicates that although the language differs from ease to case, the rationale of all have one thing in common, that is, that chartered counties and cities have full power to legislate in regard to municipal affairs unless: (1) the subject matter has been so fully and completely covered by general law as to clearly indicate that it has become exclusively a matter of state concern; (2) the subject matter has been partially covered by general law couched in such terms as to indicate clearly that a paramount state concern will not tolerate further or additional local action; or (3) the subject matter has been partially covered by general law, and the subject is of such a nature that the adverse effect of a local ordinance on the transient citizens of the state outweighs the possible benefit to the municipality.”
Applying the first of the three above-mentioned criteria, we find that regulation of consumption of alcoholic beverages as distinguished from possession, transportation, etc., was, almost studiously, omitted, it seems, in article XX, section 22 of the Constitution.
As to the second criterion, the general laws relating to the consumption of alcoholic beverages are quite selective and limited in their application and demonstrate no comprehen *Supp. 1058 sive scheme to prohibit the consumption of liquor in situations where such consumption could reasonably be expected to create a police problem.
As to the third criterion, there would appear to be nothing in a municipal ordinance regulating the consumption of alcoholic beverages on streets, malls, etc., which would have any appreciable impact on the transient citizen to the degree that it would outweigh the benefit to a municipality in the control of such drinking.
The case of People v. McGennis, supra, relying chiefly upon the Hubbard case, has construed to be valid an ordinance of the City of Los Angeles regulating a phase of gaming. Citing the Hubbard case, the court said (at page 533) : “The general laws of the state do not forbid as criminal the conduct forbidden by these sections. This omission is significant. If, as the court said in Hubbard (p. 126) the Legislature had intended to reguluate such conduct, ‘it would have been simple to say just that’.” It would have been even simpler in the instant case to do just that by inserting the word consumption in the enabling legislation, article XX, section 22 of the State Constitution.
We are satisfied that the State has not preempted the entire field of consumption of alcoholic beverages and that the provisions of Fresno’s Municipal Code here under attack “is no more than a ‘regulation of a municipal affair, and not exclusively a matter of statewide concern.’ ” (People v. McGennis, supra, p. 533.)
The judgments of dismissal are reversed, and each of said cases is remanded to the Municipal Court of the Fresno Judicial District to take such further action against each of said defendants as may be required.
Goldstein, P. J., and Joy, J., concurred.