[No. A106637. First Dist., Div. Five. Dec. 16, 2004.]

KARLI ANN BOBUS, a Minor, etc. et al., Plaintiffs and Appellants, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

COUNSEL

Bill Lockyer, Attorney General, Jim Humes, Chief Assistant Attorney General, Jacob A. Applesmith, Assistant Attorney General, Miguel A. Neri, Fiel D. Tigno and Raymond W. Hamilton, Deputy Attorneys General, for Plaintiffs and Appellants.

Burglin Law Offices and Paul Burglin for Defendant and Respondent.

OPINION

**JONES, P. J.**—Karli Ann Bobus appeals from an order denying her petition for a writ of mandate. She contends the trial court erred when it upheld an administrative decision to suspend her driver's license because she was found to have been a person under the age of 21 who was driving with a blood alcohol concentration of more than 0.01 percent. We conclude the trial court ruled correctly and will affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2002, near 11:30 p.m., California Highway Patrol Officer Michael Alvarez was on duty when he noticed a car on the freeway weaving from lane to lane. Alvarez stopped the car and spoke with the driver, then 16-year-old Karli Ann Bobus. Bobus smelled of alcohol. Her eyes were bloodshot and her speech was slurred. Alvarez decided to determine if Bobus had been drinking. He administered two preliminary alcohol screening tests. Both showed Bobus had a blood-alcohol content of .022 percent. Because it is illegal for a person under the age of 21 to drive with a blood-alcohol level of 0.01 percent or more (Veh. Code, 23136, subd. (a)),[1] Alvarez served Bobus with a notice informing her that her license was suspended. (§ 13353.2, subds. (a)(2) & (b).)

Bobus challenged the suspension and requested an administrative hearing. (§ 13558.) The hearing was conducted on April 30, 2003. Officer Alvarez testified and he described the basic facts of the incident. Bobus also testified. She admitted she was with a "bunch of friends" who had been drinking that evening, but she denied she had been drinking. Bobus conceded however, that

---

[1] Unless otherwise indicated, all further section references will be to the Vehicle Code.

she had taken a capful of cough syrup. The hearing officer considering this evidence upheld the suspension of Bobus's license.

Bobus challenged the suspension by filing a petition for a writ of mandate in the Marin County Superior Court. As is relevant here, she argued that cough syrup is not an alcoholic beverage within the meaning of section 23136. The trial court denied the writ.

## II. *DISCUSSION*

■ A person under the age of 21 whose license has been suspended because he or she was found to have alcohol in his or her system may challenge the suspension by filing a petition for a writ of mandate in the superior court. (§ 13559.) The trial court, exercising its independent judgment, must review the record of the administrative hearing and determine whether the administrative decision is supported by the weight of the evidence. (*Santos v. Department of Motor Vehicles* (1992) 5 Cal.App.4th 537, 545 [7 Cal.Rptr.2d 10].) On appeal, we must determine whether the trial court's ruling is supported by substantial evidence. (*Ibid.*) With this standard in mind, we turn to the arguments advanced.

Bobus contends the trial court should have granted her writ because cough syrup is not an alcoholic beverage within the meaning of section 23136. We note first that the premise for this argument is flawed. Bobus seems to assume the trial court must have found she had alcohol in her system because she testified she had taken cough syrup. That is not correct. The evidence showed Bobus was out with friends who were drinking on the night in question. While Bobus denied that she had been drinking, according to Officer Alvarez, Bobus was weaving from lane to lane, her eyes were bloodshot, her speech was slurred, and she smelled of alcohol. The trial court reasonably could have found it not believable that Bobus's visibly pronounced symptoms were caused by a single capful of cough syrup. On this record, it is highly likely that the trial court based its decision on the commonsense conclusion that Bobus, like her friends, had been drinking. Clearly, substantial evidence supports the trial court's decision.

■ In any event, Bobus's argument is legally unpersuasive. Section 23136, subdivision (a), states: "it is unlawful for a person under the age of 21 years who has a blood-alcohol concentration of 0.01 percent or greater . . . to drive a vehicle." Section 23136, subdivision (b), states: "A person shall be found to be in violation of subdivision (a) if the person was, at the time of

driving, under the age of 21 years, and the trier of fact finds that the person had consumed an *alcoholic beverage* and was driving a vehicle with a blood-alcohol concentration of 0.01 percent or greater . . . ." (Italics added.) The term "alcoholic beverage" is defined by section 109 to include "any liquid . . . which contains . . . alcohol . . . ." Here, Bobus presented evidence at the administrative hearing from an expert witness who admitted that cough syrup can contain as much as 26 percent alcohol. Cough syrup that contains alcohol is an "alcoholic beverage" as that term is statutorily defined.

■ Bobus concedes that cough syrup that contains alcohol is an "alcoholic beverage" within the plain meaning of the section 109. However, she contends that plain meaning should be rejected because it is contrary to what she describes as the purpose of section 23136: "to deter persons under 21 years of age from *unlawfully* using alcohol and drugs." We disagree with that characterization. The legislative history of section 23136 shows the Legislature had a more focused goal when it enacted the section. Specifically, "Every year, drinking drivers under 21 years of age maim and kill other drivers or pedestrians, causing not only untold grief and suffering, but also causing unnecessary increases in automobile insurance rates. In 1990 alone, this group of drivers killed 60 Californians and injured an additional 1,591 persons. [¶] . . . It is the intent of the Legislature, in enacting this act . . . [to enhance] the safety of our highways, by prohibiting any person under 21 years of age from driving a motor vehicle for one year if that person drove with a blood-alcohol concentration of 0.01 percent or greater . . . ." (Stats. 1993, ch. 899, § 1, p. 5021.) Thus, the goal of section 23136 was to enhance public safety, and indirectly, to discourage minors from consuming any alcohol before driving. The interpretation of section 23136 that we have adopted is entirely consistent with the articulated legislative goal. As the trial court noted perceptively, "A minor can maim or kill if they drank cough syrup or if they drank beer."

Bobus contends that if cough syrup is an alcoholic beverage within the meaning of the Vehicle Code, then persons under the age of 21 who transport an unsealed container of cough syrup might be found to have violated the "open container" law set forth in section 23222, and persons under the age of 21 who transport even a sealed container might be found to have violated the alcohol transportation restrictions set forth in section 23224. The simple answer to these arguments is that Bobus was not charged with either of those offenses. We leave for another day the question of whether transportation of cough syrup might support the specific offenses Bobus has identified.

■ Bobus contends it is "[m]ore likely than not" that when the Legislature used the term "alcoholic beverage" in section 23136, it was referring to the definition of that term that is set forth in Business and Professions Code section 23004. We disagree. The Vehicle Code has a long list of definitions. (See §§ 100–680.) Section 100 states: "Unless the provision or context otherwise requires, these definitions shall govern the construction of this code." The term "alcoholic beverage" is then defined in section 109 to include "any liquid . . . intended to be ingested by a person which contains . . . alcohol, . . . including, but not limited to, alcoholic beverages as defined in Section 23004 of the Business and Professions Code . . . ." Thus, under section 109, liquids that contain alcohol *and* alcoholic beverages as defined in Business and Professions Code 23004 are considered to be alcoholic beverages. There is no reason to believe the Legislature intended to limit the term to the latter category.

■ Finally, Bobus contends the trial court should have granted her writ because the officer at the administrative hearing never made a specific finding that she had consumed an alcoholic beverage. We conclude no such finding was required. A person under the age of 21 whose license has been suspended for violating section 23136 may request an administrative hearing. (§ 13558, subd. (a).) Section 13558, subdivision (c)(2), states: "The only issues at the hearing . . . shall be those facts listed in paragraph (2) of subdivision (b) of Section 13557." Section 13557, subdivision (b)(2), sets forth the facts the Department of Motor Vehicles must find before sustaining a license suspension. Those facts are "(A) That the peace officer had reasonable cause to believe that the person had been driving a motor vehicle in violation of Section 23136 . . . . [¶] (B) . . . that the person was lawfully detained. [. . .] (C) That the person was driving a motor vehicle under any of the following circumstances: [¶] . . . [¶] (iii) When the person was under 21 years of age and had a blood-alcohol concentration of 0.01 percent or greater . . . ." Thus, the administrative hearing officer was not required to make a finding that Bobus had been drinking an alcoholic beverage. ■ We may not, under the guise of statutory interpretation, add a requirement that the Legislature has seen fit to exclude. (*Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 827 [4 Cal.Rptr.2d 615, 823 P.2d 1216].)

■ We conclude the trial court properly denied Bobus's petition for a writ of mandate.

## III. *DISPOSITION*

The order denying appellant's petition for a writ of mandate is affirmed.

Stevens, J., and Simons, J., concurred.

On January 6, 2005, the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied April 20, 2005. George, C. J., did not participate therein.