[No. A122900. First Dist., Div. Five. Nov. 10, 2009.]

In re JENNIFER S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JENNIFER S., Defendant and Appellant.

**COUNSEL**

Bobby Bell, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SIMONS, J.**—Appellant Jennifer S., born in May 1993, was made a ward of the court (Welf. & Inst. Code, § 602, subd. (a)) and placed on home probation by the Del Norte County (County) Juvenile Court after it found she violated County Code section 9.42.020,[1] which makes it a misdemeanor for a person under age 21 to have a blood-alcohol level of 0.01 percent or more while in a public place within the County.[2] Appellant contends the Ordinance is pre-empted by state law and is therefore void. We disagree and affirm.

### DISCUSSION

The background facts are not disputed. Appellant was present at a trailer park when police arrived to investigate a possible domestic dispute. After noting the odor of alcohol on appellant's breath, the officers had her submit to a preliminary alcohol screening test. Thereafter, appellant admitted she had

---

[1] County Code section 9.42.020 is contained within an ordinance (Del Norte Ord. No. 94-08) adopted in 1994 by the County Board of Supervisors. The ordinance was added to title 9 of the County Code as chapter 9.42 (hereafter, chapter 9.42). Since section 9.42.020 is the only section of the ordinance at issue in this appeal, section 9.42.020 will hereafter be referred to as "the Ordinance."

[2] The Ordinance provides: "It is unlawful for any person under twenty-one years of age to have a blood alcohol content equal to or greater than .01 percent while in any public place within [the] County." Section 9.42.025 of chapter 9.42 provides: "This chapter does not make unlawful any act expressly permitted or expressly prohibited by the general laws of the [S]tate of California." Section 9.42.030 of chapter 9.42 specifies the penalty for violating the Ordinance.

been drinking. The juvenile court rejected appellant's claim that the Ordinance was preempted by state law.

## I. *Standard of Review*

In evaluating the extent, if any, to which state law preempts the Ordinance, we must interpret both the Ordinance and relevant state statutes. The construction of statutes and the ascertainment of the Legislature's intent involve questions of law and our review is de novo. (*Bravo Vending v. City of Rancho Mirage* (1993) 16 Cal.App.4th 383, 391–392 [20 Cal.Rptr.2d 164].)

## II. *Principles Governing State Law Preemption*

Recently, in *O'Connell v. City of Stockton* (2007) 41 Cal.4th 1061 [63 Cal.Rptr.3d 67, 162 P.3d 583] (*O'Connell*), our Supreme Court restated the general principles relevant to determining whether a local ordinance is preempted by a state statute:

█ " 'Under article XI, section 7 of the California Constitution, "[a] county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general [state] laws." [¶] "If otherwise valid local legislation conflicts with state law, it is preempted by such law and is void." [Citations.] [¶] "A conflict exists if the local legislation ' "*duplicates, contradicts,* or *enters an area fully occupied* by general law, either expressly or by legislative implication." ' " [Citations.]' [Citations.] . . .

"A local ordinance *duplicates* state law when it is 'coextensive' with state law. [Citation.]

"A local ordinance *contradicts* state law when it is inimical to or cannot be reconciled with state law. [Citation.]

"A local ordinance *enters a field fully occupied* by state law in either of two situations—when the Legislature 'expressly manifest[s]' its intent to occupy the legal area or when the Legislature 'impliedly' occupies the field. [Citations.]" (*O'Connell, supra,* 41 Cal.4th at pp. 1067–1068.)

█ The Legislature impliedly occupies the field in three situations: "[W]hen ' "(1) the subject matter has been so fully and completely covered by general law as to clearly indicate that it has become exclusively a matter of state concern; (2) the subject matter has been partially covered by general law couched in such terms as to indicate clearly that a paramount state concern will not tolerate further or additional local action; or (3) the subject

matter has been partially covered by general law, and the subject is of such a nature that the adverse effect of a local ordinance on the transient citizens of the state outweighs the possible benefit to the" locality.' [Citation.]" (*O'Connell, supra*, 41 Cal.4th at p. 1068.)

■ " ' "Where the Legislature has adopted statutes governing a particular subject matter, its intent with regard to occupying the field to the exclusion of all local regulation is not to be measured alone by the language used but by the whole purpose and scope of the legislative scheme." ' [Citation.] . . . ' "State regulation of a subject may be so complete and detailed as to indicate an intent to preclude local regulation." ' [Citation.] . . . ' "Whenever the Legislature has seen fit to adopt a general scheme for the regulation of a particular subject, the entire control over whatever phases of the subject are covered by state legislation ceases as far as local legislation is concerned." ' [Citation.] When a local ordinance is identical to a state statute, it is clear that ' "the field sought to be covered by the ordinance has already been occupied" ' by state law. [Citation.]" (*O'Connell, supra*, 41 Cal.4th at p. 1068.)

■ Appellant contends the Legislature has impliedly fully occupied the field of underage drinking, leaving "no room for supplementary or complementary local legislation." She also contends the Ordinance is coextensive with and therefore duplicates state law in regulating the blood-alcohol content of persons under age 21 in public. Appellant has the burden of demonstrating state law preemption. (*Big Creek Lumber Co. v. County of Santa Cruz* (2006) 38 Cal.4th 1139, 1149 [45 Cal.Rptr.3d 21, 136 P.3d 821] (*Big Creek*).) "[W]hen local government regulates in an area over which it traditionally has exercised control, . . . California courts will presume, absent a clear indication of preemptive intent from the Legislature, that such regulation is *not* preempted by state statute. [Citation.]" (*Ibid.*; accord, *O'Connell, supra*, 41 Cal.4th at p. 1069.) "The presumption against preemption accords with our more general understanding that 'it is not to be presumed that the legislature in the enactment of statutes intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication.' [Citations.]" (*Big Creek*, at pp. 1149–1150, fn. omitted.)

III. *Analysis*

A. *The Field Is Not Fully Occupied*

Article XX, section 22 of the California Constitution provides in relevant part: "The State of California . . . shall have the exclusive right and power to license and regulate the manufacture, sale, purchase, possession and transportation of alcoholic beverages within the State, and . . . shall have the

exclusive right and power to regulate the importation into and exportation from the State, of alcoholic beverages . . . . [¶] . . . [¶] The sale, furnishing, giving, or causing to be sold, furnished, or giving away of any alcoholic beverage to any person under the age of 21 years is hereby prohibited, and no person shall sell, furnish, give, or cause to be sold, furnished, or given away any alcoholic beverage to any person under the age of 21 years, and no person under the age of 21 years shall purchase any alcoholic beverage."[3]

In 1967, *People v. Butler* (1967) 252 Cal.App.2d Supp. 1053 [59 Cal.Rptr. 924] (*Butler*) considered whether state law preempted a Fresno municipal ordinance prohibiting a person from "drink[ing]" any alcoholic beverage on any street, sidewalk, alley, highway or playground. *Butler* noted that article XX, section 22 of the California Constitution expressly preempts the manufacture, sale, purchase, possession and transportation of alcoholic beverages but makes no mention of consumption. (*Butler*, at p. Supp. 1055.) *Butler* acknowledged that "[s]tate laws, to be sure, have been adopted to regulate consumption under certain specific conditions and situations." (*Id.* at pp. Supp. 1055–1056 [listing examples from the Veh. Code and the Bus. & Prof. Code].) "We do not believe that by the adoption of such selective laws, the Legislature intended to say that it had covered all those areas wherein the consumption of alcoholic beverages might create police problems." (*Id.* at p. Supp. 1056.)

*Butler* rejected each of the three bases for implied preemption. As to the first criterion, it found "that regulation of consumption of alcoholic beverages as distinguished from possession, transportation, etc., was, almost studiously, omitted, it seems, in article XX, section 22 of the [California] Constitution. [¶] As to the second criterion, the general laws relating to the consumption of alcoholic beverages are quite selective and limited in their application and demonstrate no comprehensive scheme to prohibit the consumption of liquor in situations where such consumption could reasonably be expected to create a police problem. [¶] As to the third criterion, there would appear to be

---

[3] Penal Code section 647, subdivision (f), provides in part that a person is guilty of a misdemeanor if he or she "is found in any public place under the influence of intoxicating liquor, any drug, controlled substance, toluene, or any combination of any intoxicating liquor, drug, controlled substance, or toluene, in a condition that he or she is unable to exercise care for his or her own safety or the safety of others . . . ." It is well established that by enacting Penal Code section 647, subdivision (f), "the Legislature has determined by implication that it intended to preempt the field for the regulation of the criminal aspects of being intoxicated, both in public and private places." (*People v. DeYoung* (1964) 228 Cal.App.2d 331, 335 [39 Cal.Rptr. 487]; accord, *In re Koehne* (1963) 59 Cal.2d 646, 648–649 [30 Cal.Rptr. 809, 381 P.2d 633].) However, a statute, such as the Ordinance here, which creates an offense for having a specified breath-test reading, is not interchangeable with a statute proscribing intoxication. (See *Hamilton v. Gourley* (2002) 103 Cal.App.4th 351, 361 [126 Cal.Rptr.2d 652] [a conviction for driving with a 0.08 or greater percent blood-alcohol level is not interchangeable with, and does not establish, a conclusive presumption of driving under the influence].)

nothing in a municipal ordinance regulating the consumption of alcoholic beverages on streets, malls, etc., which would have any appreciable impact on the transient citizen to the degree that it would outweigh the benefit to a municipality in the control of such drinking." (*Butler, supra,* 252 Cal.App.2d at pp. Supp. 1057–1058.)

 Twenty-four years after *Butler, People v. Brewer* (1991) 235 Cal.App.3d 909 [1 Cal.Rptr.2d 146] (*Brewer*) adopted *Butler*'s reasoning in holding that the portion of an Oakland municipal ordinance prohibiting consumption of alcoholic beverages in public and on private property not owned by the consumer is not preempted by state law. (*Brewer,* at pp. 911–913.)[4] *Brewer* noted that numerous decisions subsequent to *Butler* cited its conclusion that ordinances regulating consumption of alcohol are not preempted by state law, without challenge or criticism. (*Brewer,* at p. 913.) In *Brewer*'s words, "[t]here seems no point in disturbing a matter so long at rest." (*Ibid.*; accord, *People v. Ramirez* (1994) 25 Cal.App.4th Supp. 1, 3 [30 Cal.Rptr.2d 626] [localities may regulate consumption of alcohol because art. XX, § 22 of the Cal. Const. does not refer to consumption].)

### B. *The Ordinance Was Enacted to Prohibit Consumption*

Appellant contends the ordinances in *Butler* and *Brewer* are distinguishable from the Ordinance because they prohibit the consumption of alcohol, not a specified blood-alcohol level. She asserts that the Ordinance does not prohibit the act of consuming alcohol, only being in public with a measurable amount of alcohol in the blood.

The preemption issue before us requires that we determine the intent underlying the County's enactment of the Ordinance. The parties have not provided us with any legislative history regarding the Ordinance, and we have found none.[5]

---

[4] *Brewer* also held that the portion of the ordinance prohibiting persons from drinking any alcoholic beverage on a street or sidewalk or on private property open to public view without the express permission of the owner was severable from the preempted portion of the ordinance prohibiting possession of any alcoholic beverage in public and on private property not owned by the consumer. (*Brewer, supra,* 235 Cal.App.3d at pp. 912–914.)

[5] The Ordinance is contained in title 9 (Public Peace, Morals and Safety), chapter 9.42 (Juvenile Alcohol Preclusion Act) of the County Code. However, County Code section 1.01.050 states: "Title, chapter and section headings contained in this code shall not be deemed to govern, limit, modify or in any manner affect the scope, meaning or intent of the provisions of any title, chapter or section hereof." (<http://www.dnco.org/cocode> [as of Nov. 10, 2009].)

Court decisions analyzing Vehicle Code section 23136, subdivision (a),[6] are instructive. This statute, the "zero tolerance" law, is designed to penalize the presence of alcohol in the blood. (*Coniglio v. Department of Motor Vehicles* (1995) 39 Cal.App.4th 666, 673 [46 Cal.Rptr.2d 123]; see *In re Jennings* (2004) 34 Cal.4th 254, 262 [17 Cal.Rptr.3d 645, 95 P.3d 906].) In effect, by setting the prohibited blood-alcohol level at the lowest detectable amount, Vehicle Code section 23136 penalizes the consumption of alcohol, contemporaneous with the driving of an automobile. (*Bobus v. Department of Motor Vehicles* (2004) 125 Cal.App.4th 680, 685 [23 Cal.Rptr.3d 168] [the goal of Veh. Code, § 23136, "was to enhance public safety, and indirectly, *to discourage minors from consuming any alcohol before driving*" (italics added)].) Here too, the County enacted a law that is triggered by having a blood-alcohol concentration of 0.01 percent or greater. Therefore, it is reasonable to attribute to the County the intention to discourage minors from consuming any alcohol before being in public or while being in public. We reject appellant's attempt to distinguish *Butler* and *Brewer*.

### C. The Ordinance Does Not Duplicate State Law

#### 1. Health and Safety Code Section 11999

Health and Safety Code section 11999 was enacted in 1989, operative July 1, 1990. (Stats. 1989, ch. 1429, §§ 1, 3, pp. 6322, 6325.) The Legislature's intent in enacting Health and Safety Code section 11999 was "to prohibit state funds for any program that [did] not contain a 'no lawful use' message pertaining to alcohol and drug use." (Sen. Com. on Health & Human Services, Analysis of Sen. Bill No. 1377 (1989–1990 Reg. Sess.) as amended May 4, 1989, p. 1.) According to the bill's author, "certain published materials, and certain treatment and education programs appeared to condone illegal drug use, through messages explaining how to use them 'responsibly.' " (*Id.* at p. 2.) Thus, subdivision (f) of Health and Safety Code section 11999 expressly states: "Public and private agencies that provide information pertaining to the drug- and alcohol-related programs provide mixed messages and misinformation relating to the unlawful use of drugs and alcohol. It is the intent of the Legislature that the messages and information provided by the drug and alcohol programs promote no unlawful use of any drugs or alcohol. Mixed messages mean communications discussing how to use or when to use unlawful drugs or alcohol."

In enacting Health and Safety Code section 11999 et seq. (div. 10.7 of the Health & Saf. Code [Illegal Use of Drugs and Alcohol]), the Legislature set

---

[6] Vehicle Code section 23136, subdivision (a), provides in part: "Notwithstanding Sections 23152 and 23153, it is unlawful for a person under the age of 21 years who has a blood-alcohol concentration of 0.01 percent or greater, as measured by a preliminary alcohol screening test or other chemical test, to drive a vehicle. . . ."

forth certain findings and declarations. Appellant contends we should invalidate the Ordinance because it duplicates the finding and declaration in Health and Safety Code section 11999, subdivision (e), that "the purchase, possession, or use of alcohol by persons under 21 years of age is unlawful."

The legislative history, however, undermines appellant's preemption argument. Health and Safety Code section 11999 et seq. are not penal statutes and appellant points to no specific state law duplicated by the Ordinance. The broad statement contained in Health and Safety Code section 11999, subdivision (e), is insufficient to preempt the Ordinance.

### 2. *Other Statutes*

Appellant also contends the Ordinance is coextensive with Business and Professions Code sections 25662, 25665, and 25658. We disagree. Business and Professions Code section 25662, subdivision (a), makes it a misdemeanor for any person under age 21 to possess any alcoholic beverage on any street or highway, in any public place or in any place open to the public. Business and Professions Code section 25665 makes it a misdemeanor for anyone under age 21 to enter and remain in public premises licensed for the sale of alcoholic beverages "without lawful business therein." Neither of these sections prohibit consumption of alcoholic beverages by minors. Business and Professions Code section 25658, subdivision (b),[7] makes it a misdemeanor for any person under age 21 to purchase any alcoholic beverage, or consume any alcoholic beverage in any on-sale premises. However, *Butler* rejected the notion that in enacting Business and Professions Code section 25658 the Legislature intended to "cover[] all those areas wherein the consumption of alcoholic beverages might create police problems." (*Butler, supra,* 252 Cal.App.2d at p. Supp. 1055.) We agree and conclude it is not coextensive with the Ordinance.

Appellant also argues that the Ordinance duplicates Vehicle Code sections 23136 and 23140[8] in regulating the blood-alcohol content of persons under age 21 in public. These Vehicle Code sections prohibit driving a motor vehicle with certain specified blood-alcohol levels. The Ordinance does not concern driving restrictions and does not duplicate these Vehicle Code provisions.

---

[7] Business and Professions Code section 25658, subdivision (b), provides: "Any person under the age of 21 years who purchases any alcoholic beverage, or any person under the age of 21 years who consumes any alcoholic beverage in any on-sale premises, is guilty of a misdemeanor."

[8] Vehicle Code section 23140, subdivision (a), provides: "It is unlawful for a person under the age of 21 years who has 0.05 percent or more, by weight, of alcohol in his or her blood to drive a vehicle."

### D. *Nonresidents of the County*

Finally appellant argues that a transient person under the age of 21 who does not reside in Del Norte County could potentially be adversely affected by the Ordinance "by drinking one alcoholic beverage and stepping outside of a private home though such an act would not be punishable elsewhere in the state." She asserts that the potential adverse effects on transient citizens outweighs the possible benefits to the County.

■■ As discussed in part III.A. above, a similar argument was rejected in *Butler* and *Brewer*. (*Brewer, supra*, 235 Cal.App.3d at pp. 912–913, quoting *Butler, supra*, 252 Cal.App.2d at pp. Supp. 1057–1058.) We agree with their analysis of this issue and conclude the juvenile court properly rejected appellant's preemption argument.

### DISPOSITION

The order is affirmed.

Jones, P. J., and Needham, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 18, 2010, S178838.